Chancellor Haepek
delivered the opinion of the court.
I do not perceive, that the commissiener was guilty of any neg *212 lect, or omission, in executing the order of the court, of 22d Hay, 1830. It is true, he was ordered to take an account of the debts, which should be rendered to the administrator within the year. But in the nature of things, he could only take that account from the administrator himself, as in his answer he states himself to have done. Even if he had known the aggregate amount of the demands rendered to the adminstrator, yet suppose the administrator to have told him, I have a good defence against a portion of these demands, which will reduce the amount to be provided for — must he not of necessity have been governed by the administrator’s judgment in this respect? Must he retain for everv desperate and unfounded demand ? He was the agent of the administrator.
But supposing him to have been guilty of any neglect, what right have the creditors to render him liable for it ? They were no, parties to the cause, and it was not at their instance that the order was made. It was made on the application, and for the convenience, of the administrator and the distributees, The commissioner was made their agent by the order of the court; and no doubt, by the consent of the parties in the cause, the order might have been rescinded the day after it was made, and his agency revoked ; and the creditors could not, in that cause, have been heard to resist it-If any part of the order of the 22d May, 1830, remained unexe-cuted, it was in fact rescinded, as to every thing that remained, by the confirmation of the report of the 21st of May, 1831. The commissioner reported the amount he had retained, and that he had paid over the residue to the distributees. There was no exception ; the report then was assented to 'by the parties, and the act of the commissioner sanctioned by the confirmation of the report. It received a further sanction by the confirmation of the report of 7th of May, 1832 ; the order made on that report, directed the fund to be distributed rateably amongst the creditors, and overruled the exceptions taken on the very grounds now taken in support of the. motion. This seems to be an adjudication, of the matter now in dispute, if the parties are regarded as the same. If not the same, then the present parties have no standing in court.
I can conceive of a possible case, in which, if creditors relying on the faith of such an order, should desist from proceeding, and lose any advantage or security, the court, on this being properly brought to its view, would refuse to permit the parties to rescind, and if any thing should then be lost by the commissioner’s negligence, it might be a ground for rendering him liable to the creditors. But is this such a case 1 The creditors recovered their *213 judgments on the 11th of February, 1882. On the 7th of May, 1882, the report last referred to, was made. Of this they must have had notice, for they received partial payment under it. They knew that he had paid over the fund to the distributees, and could not recall it, and that they had nothing more to expect from him, They might have proceeded to enforce their judgments against the administrator, or the distributees, and if they forbore to do so, it was not on the faith of the order. If they have lain by until, as suggested, the administrator, or the distributees, have become insol» vent, would it not be plainly a fraud on the commissioner to ren* der him liable now ? The motion is dismissed.
Grimke, for motion.
Runt, contra.
WILLIAM HARPER,
We concur,
DAVID JOHNSON,
J. JOHNSTON.